IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mark B. Johnson, 15364-171,<br><br>                    Plaintiff,<br><br>v.<br><br>S. Kallis Warden USP Terre Haute Geo Group, Private Contractor Lieutenant Clark, Officer J. Sloop, Officer T. Williams, Officer Gossett, Medical Staff,<br><br>                    Defendants. | C/A No. 4:23-2122-JFA-TER<br><br><br><br>**ORDER** |

### I.     INTRODUCTION

Plaintiff, Mark B. Johnson ("Plaintiff"), proceeding *pro se* has filed this action alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines this Court transfer this case to the United States District Court of the Southern District of Indiana for further handling. (ECF No. 4). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] In the Complaint, Plaintiff alleges she is a transgender woman and uses the pronoun "she." (ECF No. 1). The Report follows Plaintiff's preferred pronoun, and this Court will do the same. (ECF No. 4 at n.1).

Plaintiff filed objections to the Report on June 13, 2023. (ECF No. 7). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 4). In short, Plaintiff alleges she was assaulted by Defendants in violation of her constitutional rights. The Report evaluated Plaintiff's Complaint and finds that the District of South Carolina is not the proper venue for this case. The statute, 28 U.S.C. § 1391(b), governs venue:

> (b) Venue in general.--A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff bears the burden to establish that venue is proper as to each claim and as to each defendant. *Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc.*, 784 F. Supp. 306, 316 (D.S.C. 1992). As the Magistrate Judge explains, the District of South Carolina does not satisfy any of these subsections according to Plaintiff's Complaint. Specifically, Plaintiff has not alleged that any of the named Defendants reside in South Carolina or that any of the events giving rise to the subject allegations occurred in South Carolina. (ECF Nos. 1, 8). In fact, Plaintiff specifically alleges she was assaulted by Defendants in a prison in Indiana which is where she is currently located.

Although Plaintiff objects to the Report's conclusion, her arguments do not resolve the issue. In her objections, Plaintiff argues the Magistrate Judge erred because Plaintiff has filed a diversity tort claim which deals with issues of citizens of one state against citizens of a different state. For support, Plaintiff cites to 28 U.S.C. § 1332(A). The Magistrate Judge also addresses this issue in the Report as Plaintiff repeatedly asserts in her Complaint that she is a citizen of Greenville, South Carolina seemingly to establish diversity jurisdiction. However, Plaintiff conflates the concept of diversity jurisdiction with venue. Diversity jurisdiction refers to this Court's power to hear and determine a case, whereas venue designates the district wherein a case should be filed and heard. Thus, Plaintiff's argument is unavailing as her alleged establishment of diversity jurisdiction does not compel venue in this district.

In the alternative, Plaintiff requests this Court transfer this case to the appropriate district. This Court agrees with the Report and finds that the Southern District of Indiana is the most appropriate venue for this case. It satisfies the requirements set forth in § 1391(b) and further, the convenience of the parties and the interests of justice weigh in favor of transferring this action. *See* 28 U.S.C. § 1404(a).

Therefore, this Court adopts the Report in full, and Plaintiff's objections are overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court adopts the Report in full. (ECF No. 4). As such, the Clerk of Court shall transfer this case to the United States District Court of the Southern District of Indiana for further handling.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 16, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge